UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| FAYDRA ANN ENGLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:06-CV-18 |
| ) | (VARLAN/GUYTON) |
| SUZUKI MOTOR CORPORATION, and ) | |
| AMERICAN SUZUKI MOTOR ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Docs. 70, 75] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of Plaintiff's Motion for Leave to File Supplemental Witness List [Doc. 65] and Defendants' Motion for Continuance in Opposition to Plaintiff's Motion to Supplement Final Witness List [Doc. 69.] Plaintiff moves the Court to grant her leave to amend her witness list to add an additional fact witness. Defendants oppose Plaintiff's motion, arguing that Plaintiff seeks to add an expert witness after the deadline has passed, and, in the alternative, requests a continuance of the trial in this matter should the Court grant Plaintiff's motion.

Plaintiff seeks leave of the Court to file a supplemental witness list, adding one additional fact witness, Charles M. Coones. Plaintiff contends that Mr. Coones will only offer testimony relating to the facts of his "visual inspection and photography of the 2004 Aerio throttle mechanism." [Doc. 71 at 2.] Plaintiff states that Mr. Coones will "not be asked to opine about anything." [Id.] Plaintiff also states that the testimony of Mr. Coones did not become admissible or

relevant until July 11, 2007, when the deposition of defendant's engineering expert, Mr. Stopschinski, was taken. Plaintiff contends that the testimony of Mr. Coones will be offered to rebut Mr. Stopschinski's assertions that the throttle design of the 2002 Aerio throttle was as reasonably safe as it could have been. To accomplish this, Mr. Coones would present testimony that the throttle design was changed in the 2004 Aerio throttle by adding a slot to anchor the throttle return springs. Plaintiff contends that such testimony would support the testimony of Plaintiff's expert, Mr. Bartlett, that the return springs slipped, and would also serve to impeach any testimony that the accident could not have occurred as Plaintiff states.

Defendants contend that while Mr. Coones might be able to offer fact testimony concerning whether the throttle design of the 2004 Aerio differed from that of the 2002 model, that any argument over whether the throttle design in the 2004 model was safer or was a subsequent remedial measure would require expert testimony, which, as a fact witness, Mr. Coones could not provide. Defendants further argue that, in the absence of expert testimony comparing the 2002 and 2004 throttle designs, the jury would be left on their own to examine two differing and complex throttle designs, causing needless confusion.

The Court notes that the Scheduling Order in this matter required that the "[d]isclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made by all parties on or before one hundred twenty (120) days before trial." [Doc. 20 at ¶ 4(d).] The Order also established that "forty-five (45) days before trial, the parties shall file a final witness list covering the information specified in Rule 26(a)(3). Within five (5) days after service of a final witness list, such list may be supplemented." [Doc. 20 at ¶ 6(h).]

The trial in this matter was originally scheduled for May 1, 2007. [Id.] Accordingly, expert witness disclosures were due January 1, 2007, final witness lists were due March 17, 2007,

and supplements to final witness lists were due March 22, 2007. The trial was subsequently continued to October 2, 2007, but deadlines that had already expired, including the expert witness disclosure deadline and witness list deadline, were not reset. [Doc. 60.] Plaintiff filed his motion to supplement witness list on July 18, 2007, and therefore, the motion is untimely.[1]

Additionally, the Court finds under Fed. R. Evid. 403 that any fact testimony offered by Mr. Coones on the differences in throttle design of the 2002 and 2004 models would only confuse the jury, as the jury would not have the technical knowledge necessary to analyze and understand the differing designs. Nor could Mr. Coones explain the differences in the designs and what effect those differences would have on the overall safety of the throttle design if offered solely as a fact witness, as such explanations would require specialized knowledge and would thus fall outside the type of opinion testimony allowed a fact witness. Fed. R. Evid. 701.

Finally, the Court also finds that any evidence of a change in product design in 2004 is irrelevant, because any analysis must be based upon "the state of scientific and technological knowledge available to the manufacturer or seller at the time the product was placed on the market," not at some future point. Tenn. Code Ann. § 29-28-105. Accordingly, for all of these reasons,

---

[1]Plaintiff also argues that Mr. Coones' proposed testimony only became relevant after the July 11, 2007, deposition of Defendants' expert. However, the scheduling order required that all discovery be completed 90 days before trial. The fact that the parties apparently agreed not to adhere to the discovery deadline imposed by the District Court does not create good cause for failure to comply with the District Court's witness disclosure deadlines.

Plaintiff's motion [Doc. 65] is **DENIED**. In light of the denial of Plaintiff's motion, Defendant's motion in the alternative to continue [Doc. 69] is also **DENIED**.

    **IT IS SO ORDERED.**

ENTER:

           s/ H. Bruce Guyton
United States Magistrate Judge