UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| FAYDRA ANN ENGLAND, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:06-CV-18 |
| | ) | (VARLAN/GUYTON) |
| SUZUKI MOTOR CORPORATION, and AMERICAN SUZUKI MOTOR CO CORPORATION, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This civil action was before the Court on September 24, 2006, for a final pretrial conference. The Court heard the arguments of counsel on several pending pretrial motions and issued oral rulings on those opinions on September 27, 2006. Plaintiff's Refiled and Amended First Motion in Limine [Doc. 82] requests an order barring any reference to plaintiff not having her seat belt buckled at the time of the accident. Because of the unique question of law raised by plaintiff's motion, the Court further explains its ruling as follows:

**I. Choice of Law**

As an initial matter, the Court must determine whether state or federal law applies. In a diversity case, "state law governs substantive issues and federal law governs procedural issues." *Legg v. Chopra*, 286 F.3d 286, 289 (6th Cir. 2002) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). The twin aims of *Erie* are to discourage forum-shopping and avoid inequitable administration of the law. *Hanna v. Plumer*, 380 U.S. 460, 468 (1965).

Plaintiff argues that this is a matter of substantive law and therefore the law of Tennessee shall apply. The Sixth Circuit, facing a similar issue regarding the Ohio seat belt statute, applied Ohio law to determine the admissibility of seat belt use in a products liability case. *Sours v. General Motors Corp.*, 717 F.2d 1511, 1519 (6th Cir. 1982). While the *Sours* court did not go into detail on the choice of law issue, the District Court for the District of Maine thoroughly considered the issue regarding a similar Maine statute and concluded that because the state statute was enacted for substantive policy reasons, it should be considered substantive rather than procedural. *Morton v. Brockman*, 184 F.R.D. 211, 214 (D. Me. 1999) (quoting 19 Wright, Federal Practice and Procedure § 4512, at 422 (2d ed. 1996) ("[T]here are a number of 'state law rules that, because their application result in the exclusion of evidence, sometimes are considered rules of evidence, but in fact serve substantive state policies and are characterized more properly as rules of substantive law within the meaning of the Erie doctrine.'"). This Court agrees with the *Morton* court's analysis and concludes that the admissibility of evidence of seat belt use in this case is a substantive issue and therefore Tennessee law applies.

**II. Construction of the Tennessee Statute**

The Court's application of the Tennessee Statute must be guided by accepted rules of statutory construction. Under Tennessee rules of statutory construction, the Court must give each word "its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application" when the statutory language is clear and unambiguous. *Lanier v. Rains*, 229 S.W.3d 656, 661 (Tenn. 2007) (citing *Eastman Chem.*

2

*Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn.2004)). "If the language is ambiguous, a court then must look to the statutory scheme as a whole and to legislative history to determine its meaning." *Fusner v. Coop Const. Co., LLC*, 211 S.W.3d 686, 691-92 (Tenn. 2007) (citing *Parks v. Tenn. Mun. League Risk Mgnt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998)). Additionally, the construing court should presume that every word in a statute has meaning and purpose. *Lanier*, 229 S.W.3d at 661 (citing *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn.2005)).

### A. Statutory Language

Tennessee Code Annotated § 55-9-603, known as the Tennessee Mandatory Safety Belt Act, mandates seat belt use when a person is operating a vehicle moving in a forward direction on the highway. Highway is defined as "every way when any part thereto is open to the use of the public for purposes of vehicular travel." Tenn. Code Ann. § 55-8-101(22). Tennessee Code § 55-9-604 addresses the admissibility of evidence of lack of seat belt use:

> (a) The failure to wear a safety belt or receipt of a citation or warrant for arrest for failure to wear a safety belt shall not be admissible into evidence in a civil action; provided, that evidence of a failure to wear a safety belt or receipt of a citation or warrant for arrest for failure to wear a safety belt, as required by this chapter, may be admitted in a civil action as to the causal relationship between non-compliance and the injuries alleged, if the following conditions have been satisfied:
>
> > (1) The plaintiff has filed a products liability claim;
>
> > (2) The defendant alleging non-compliance with this chapter shall raise this defense in its answer or timely amendment therefore in accordance with the rules of civil procedure; and

3

> (3) Each defendant seeking to offer evidence alleging non-compliance with this chapter has the burden of proving non-compliance with this chapter, that compliance with this chapter would have reduced injuries and the extent of the reduction of such injuries.
>
> (b) Upon request of any party, the trial judge shall hold a hearing out of the presence of the jury as to the admissibility of such evidence in accordance with the provisions of this section and the Tennessee Rules of Evidence.

The Court's ruling regarding the admissibility of plaintiff's failure to wear her seat belt is determined by the Court's construction of this statute. Plaintiff was injured when her car accelerated backwards down her mother's driveway and up an embankment causing the car to roll over. It is undisputed that plaintiff was not wearing her seat belt at the time. The controlling question therefore, is whether the exception to the exclusion of evidence of failure to wear a seat belt applies when the vehicle was not on a public road and was not moving in the forward direction.

Plaintiff argues that evidence of seat belt non-use is not admissible because defendants cannot demonstrate non-compliance with this chapter as required in Tennessee Code § 55-9-604(a)(3) as there is undisputed evidence that, at all relevant times, plaintiff's vehicle was not moving forward nor was it on a highway. Therefore, plaintiff concludes, evidence of failure to wear a seat belt cannot be admitted.

Defendants suggest that § 55-9-604(a)(3) should be read as only requiring a party to prove non-compliance when they are alleging non-compliance. Because defendants are not alleging non-compliance with the chapter, defendants argue that they only need to meet the requirements in § 55-9-604(a)(1) and (2) for evidence of failure to wear a seat belt to be

admissible.  Additionally defendants argue that the "as required by the chapter" modifier in § 55-9-604(a) only applies to the receipt of a citation or warrant for arrest for failure to wear a seat belt.  Defendants argue that to construe the statutory language the way in which plaintiff suggests produces an absurd result because evidence of seat belt use would be admissible in a case where a car was moving forward on a public street but not in an identical case differing only in that the car was moving backward or in a private driveway.

Despite defendants' arguments, the Court concludes that the statute prohibits the introduction of plaintiff's failure to wear her seat belt in this case.  Tennessee Code Annotated § 55-9-603 only requires seat belt use when the vehicle is traveling in a forward direction on a public road.  Tennessee Code Annotated § 55-9-604 excludes all evidence of seat belt non-use that does not fit within the section's limited exception.  The limited exception allows the introduction of seat belt non-use in certain cases only when plaintiff was in violation of § 55-9-603, *i.e.,* required to have her seat belt buckled.  Because plaintiff was not moving in a forward direction on a public road, she was not required to have her seat belt buckled when the accident occurred, and therefore her lack of seat belt use is not admissible.

### B.  History of the Seat Belt Non-Use Exclusion

While the Court finds that the meaning of the statute is clear, its reading is further reinforced by a look at the evolution of the statute.  The exclusion of seat belt non-use evidence was adopted by the Tennessee Legislature as a stand-alone provision without exception in 1963.  The statute stated, "in no event shall failure to wear seat belts be considered as contributory negligence, nor shall such failure to wear said seat belts be

5

considered in mitigation of damages on the trial of any civil action." Tenn. Code Ann. § 59-930 (1963) (renamed § 55-9-214 in 1977 but identical language to 1963 version). At the time this version of the statute was enacted, drivers and passengers were not obligated to wear a seat belt at anytime.

The Tennessee Mandatory Safety Belt Act, requiring seat belt use when a vehicle was moving in a forward direction, was enacted in 1986. The prior exclusion of seat belt non-use was modified only slightly, still omitting any exception: "In no event shall failure to wear a safety belt be considered as contributory negligence, nor shall such failure to wear a safety belt be admissible as evidence in a trial of any civil action." Tenn. Code Ann. § 55-9-604 (1986).

In 1994, the second part of Tenn. Code Ann. § 55-9-604 was enacted creating the limited exception allowing the admission of seat belt non-use evidence in cases in which the injured party was required to wear a seat belt under § 55-9-603 and the three listed conditions are met. The 2004 amendment to this section added the phrase "or receipt of a citation or warrant for arrest for failure to wear a safety belt" to the statute to bring it to its current form.

It is significant that the original version of the exception (the 1994 version) did not include the language, "or receipt of a citation or warrant for arrest for failure to wear a safety belt," but did include the modifier "as required by this chapter." In other words, the amendment exception, prior to 2004, had the exclusion followed by the exception which read, ". . .provided that evidence of a failure to wear a safety belt, <u>as required by the chapter</u>, may be admitted . . ." (emphasis added).

The statutory evolution of the Tennessee Mandatory Safety Belt Act supports the Court's conclusion that the first clause of Tennessee Code Annotated § 55-9-604(a) consists of a blanket exclusion of evidence of failure to wear a seat belt under all conditions. When the original exclusion was enacted, seat belt use was not required. Therefore the Court must conclude that the Tennessee Legislature did not intend for the exclusion to only apply to failure to wear a seat belt in violation of the Mandatory Seat Belt Act but intended it to apply to failure to wear a seat belt under any circumstances. Absent the plaintiff's situation fitting into the narrow exception provided by § 55-9-604(a), evidence of seat belt non-use must be excluded.

The statutory history also supports the Court's reading that the exception allowing the admission of seat belt non-use evidence only applies to seat belt non-use that violates the Mandatory Seat Belt Act, Tenn. Code Ann. § 55-9-603. The statutory background refutes defendants' contention that the "as required by this chapter" verbiage modifies only the "receipt of a citation or warrant for arrest for failure to wear a safety belt," because the "as required by this chapter" was included in the 1994 version while the "receipt of a citation or warrant for arrest for failure to wear a safety belt" was not added until 2004. Therefore, by the literal language of the statute, the exception to exclusion related to failure to wear a seat belt applies only to failure to wear a seat belt as required by this chapter, *i.e.*, on a highway and in forward motion. Thus, because plaintiff was not legally obligated to wear her seat belt under § 55-9-603, the exception allowing the evidence does not apply to the situation here and the evidence must be excluded.

### C. Limited Case Law

Case law guidance on the issue before the Court is lacking. The parties have not brought to the Court's attention any state court cases interpreting the current version of the exclusion section of the Tennessee Mandatory Safety Belt Act, nor is the Court aware of any such cases. There are a limited number of federal and state cases discussing the application of the Act's evidentiary exclusion provision prior to the adoption of the exception here, but they provide limited guidance to the Court in its resolution of this matter.

To the extent that the few Tennessee cases which discuss Tennessee Code Annotated § 55-9-604 give any guidance on the issue before the Court now, they are consistent with the Court's conclusion. *See Lowe v. Taylor*, No. 01-A-01-9404-CV00179, 1994 WL 570078 (Tenn. Ct. App. Oct. 19, 1994) (finding the trial court was correct in sustaining an objection to the introduction of seat belt use evidence); *Burger v. Street*, No. 03A01-CV-00094, 1994 WL 468219 (Tenn. Ct. App. Aug. 31, 1994) (holding that any evidence of admission of plaintiff's seat belt non-use evidence was harmless since the jury found the defendant not guilty);. *Motley v. Taylor*, No. 02A01-CV-00273, 1993 WL 120096 (Tenn. Ct. App. Apr. 19, 1993) (reversing after finding that seat belt evidence was admitted in violation of Tenn. Code Ann. § 55-9-604 and that evidence could have influenced the jury); *Webster v. Blain*, No. 03A01-CV-00044, 1992 WL 122670 (Tenn. Ct. App. Oct. 26, 1992) (determining that it was not an error for the trial court to refuse to give a jury instruction regarding the irrelevance of seat belt use when seat belt evidence was not presented to the jury); *see also McKinney v. Jarvis*, No. M1999-00565-COA-R9-CV, 2000 WL 279902 (Tenn. Ct. App.

Mar. 16, 2000) (holding that Tenn. Code Ann. § 55-9-604 does not violate due process or the separation of powers under the Tennessee Constitution).

In *MacDonald v. General Motors Corporation*, 784 F. Supp. 486 (M.D. Tenn. 1992), the District Court for the Middle District of Tennessee considered the pre-exception version of the statute. The defendant argued that the jury should be able to consider the extent to which seat belt non-use exacerbated plaintiffs' injuries. *Id.* at 490. The court concluded that the seat belt evidence could not be introduced on the issues of contributory negligence, assumption of the risk, and mitigation of damages, but that it was admissible on the issue of proximate cause. *Id.* at 497-500.

The Court recognizes that its construction of the statute is not entirely consistent with the *MacDonald* court's conclusion on admissibility for purpose of proximate cause. However, the *MacDonald* court's interpretation of the statute as allowing seat belt use evidence to demonstrate proximate cause appears contrary to the current version of the statute's plain language and the limited Tennessee case law. "When called upon to construe a statute, the courts must take care not to unduly restrict a statute's application or conversely to expand its coverage beyond its intended scope." *Lanier*, 229 S.W.3d at 661 (citing *Houghton v. Aramark Educ. Res. Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002)). The language of the statute clearly states "failure to wear a safety belt shall not be admissible into evidence in a civil action." Tenn. Code Ann. § 55-9-604 (current version, the language was slightly different in 1992 but not in any material way). To read the current statute the way the

9

*MacDonald* court read the earlier version of the statute would require the Court to expand the coverage of the statute contrary to the rules of statutory construction.

The Court also notes that its decision herein is consistent with other jurisprudence construing similar statutes in other jurisdictions. A district court in New York, construing a similar New York statute, found that because forklifts are not motor vehicles, forklift operators are not required to wear a seat belt, and thus the statute allowing the admission of non-compliance with the seat belt requirement did not apply to the forklift driver plaintiff. *Zollinger v. Owens-Brockway Glass Container, Inc.*, 233 F. Supp. 2d 349, 356-57 (N.D.N.Y. 2002). In *Jackson v. Moore*, the Colorado Court of Appeals construed a similar statute which allowed the admission of seat belt non-use evidence when a person violated the statute which required a driver to wear his seat belt when operating a motor vehicle. 883 P.2d 622 (Colo. Ct. App. 1994); *see also* Colo. Rev. Stat. § 42-4-237(2) ("[E]very driver of and every front seat passenger in a motor vehicle equipped with a safety belt system shall wear a fastened safety belt while the motor vehicle is being operated on a street or highway in this state."); Colo. Rev. Stat. § 42-4-237(7) ("Evidence of failure to comply with the requirement of subsection (2) of this section shall be admissible to mitigate damages. . . "). The court determined that the plaintiff was not operating his truck as contemplated by the statute when he was pulled over on the shoulder despite the fact that he was in the front seat with the engine running and therefore was not required to have his seat belt fastened. *Id.* at 626. Because the plaintiff was not required to have his seat belt fastened, the court concluded that evidence of seat belt non-use could not be admitted. *Id.* at 627.

For theses reasons, Plaintiff's Refiled and Amended First Motion in Limine [Doc. 82] is hereby **GRANTED**.[1]

IT IS SO ORDERED.

                                                      s/ Thomas A. Varlan
                                                      UNITED STATES DISTRICT JUDGE

---

[1] For the reasons stated on the record on September 27, 2007, the Court also concludes that defendants' additional arguments relating to due process and the presentation of expert testimony under Fed. R. Evid. 703 are insufficient to defeat plaintiff's motion.